MILLS, Chief Judge.
Three issues are raised by the employer/carrier in this workers’ compensation appeal:
I. Did the Judge of Industrial Claims err in ordering payment of a bill to Dr. Harris?
II. Was there sufficient evidence to support the Judge’s award of temporary total disability for the entire period from the date of the accident until the date of maximum medical improvement?
*510 III. Did the Judge err in failing to make findings of fact to support the amount of the attorney’s fee?
We reverse on all three points.
Willie McGrew, the claimant, suffered a compensable accident on 1 April 1977 and was hospitalized with a knee injury. The date of maximum medical improvement was 10 April 1978, and that date is not challenged on appeal. McGrew was provided the services of Dr. Green, an orthopedic surgeon, who treated him for his knee injury. Both McGrew and Dr. Green stated that McGrew never complained to Dr. Green of problems with his back.
In June of 1977, McGrew began seeing Dr. Harris, a chiropractor, upon the recommendation of a friend after he mentioned back problems to the friend. He did not tell Dr. Green that he was seeing Dr. Harris, but Dr. Harris knew that McGrew was under the treatment of Dr. Green. The record does not reveal any request for authorization of Dr. Harris. Dr. Harris had difficulty ascertaining who McGrew’s employer was and did not recall whether he was ever authorized. He was not deauthor-ized.
Between the time of the injury and the time of the hearings, McGrew made no effort to return to work because he had not been released by Dr. Harris. „ An employment counselor hired by the employer/carrier talked with Cornelius & Sons, Inc., and they stated that McGrew’s position was being saved for him, but the employment counselor was unable to find McGrew to communicate this to him. Between 17 October 1977, and 10 January 1978, McGrew was not seen by a physician and received no medical care. He was incarcerated for traffic violations during one month of this time.
The only statement made in the order concerning attorney’s fees was:
. claimant’s attorneys, Flinn and Jennings, achieved benefits beyond those voluntarily provided, and are entitled to a reasonable attorney’s fee for the performance of this service in the amount of $1,900.
Section 440.13, Florida Statutes (1975), provides that an employee is allowed to be reimbursed for medical expenses only if he has requested the employer to furnish the services and the employer fails, refuses, or neglects to do so. Here, the claimant was provided treatment by Dr. Green and never complained of back problems to him but instead on his own went to Dr. Harris.
Although the order asserts that “all necessary medical treatment was not furnished and Dr. Harris is authorized as reasonable and necessary,” there is no finding that there was any request for authorization by the claimant, any waiver by the employer/carrier, or even an opportunity for the employer/carrier to provide the necessary medical treatment.
Dr. Green stated that McGrew was capable of returning to work on 4 October 1977, but McGrew made no effort to do this. Between 17 October 1977, and 10 January 1978, McGrew received no medical treatment and made no effort to seek employment. No doctor said he needed treatment during this time. McGrew’s contention that it would be unreasonable to deprive him of a rating of temporary total disability during this period because his incarceration made it impossible for him to seek work or medical treatment misses the mark. Temporary total disability is defined as the healing period or time during which the claimant is,by reason of injury, totally disabled and unable to work and recovery is reasonably expected. Kirkland v. Benedict & Jordan, 120 So.2d 169 (Fla.1960).
Finally, as to the award of attorney’s fees, we find that the order is so devoid of findings as to frustrate review. It fails to give any information by which we can determine what criteria in Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla.1968), were considered and how they were applied. See Lamar West Florida, Inc. v. Corbett, IRC Order 2-3367 (March 6, 1978).
REVERSED AND REMANDED for proceedings consistent with this opinion.
McCORD, J., concurs.
WENTWORTH, J., concurs in part and dissents in part with opinion.