388 So.2d 640 (1980)
STATE of Florida, Sunland Training Center at Miami and National Loss Control Service Corp., Appellants,
v.
Mary CALDWELL, Appellee.
No. RR-12.
District Court of Appeal of Florida, First District.
September 30, 1980.
Rehearing Denied October 7, 1980.
*641 Summers Warden, Miami, for appellants.
Law Offices of Sam Bloom, P.A., Miami, and Sugarman & Arnold, Coral Gables, for appellee.
MILLS, Chief Judge.
The Employer-Carrier challenges the attorney's fee awarded by the Judge of Industrial Claims. We reverse.
The sum and substance of the provisions in the order concerning attorney's fees is as follows:
The Affidavit As To Reasonable Attorneys Fees executed on July 30, 1979 alleges present worth value of benefits of $320,029.00. The affidavit indicates 142.45 hours. Mr. Bloom was of the opinion that $48,754.00 would be a reasonable fee. Isreal Abrams, attorney, testified on behalf of the claimant to the effect that a reasonable fee for the services rendered by Mr. Bloom would be between $47,500.00 and $50,000.00.
Errol Cornell testified on behalf of the employer and carrier that the range should be between $20,000.00 and $25,000.00 for services rendered.
After considering the evidence and taking into consideration all of the variables, the attorneys fee schedule under F.S. 440.34, and the Lee Engineering Case it is found that a reasonable fee to be paid Sam Bloom for services rendered claimant is $40,000.00.
Appellants urge first of all that it was error for the Judge to consider the affidavit because it was never formally introduced into evidence. The record reveals that, although it is true that the affidavit was not formally introduced, the testimony of all the witnesses on the issue of attorney's fees, including appellants' witness, was based on the affidavit and counsel for both parties referred to the affidavit as having been "submitted" to the Judge. Under these circumstances we see no error.
The cases cited by appellants which resulted in a reversal where the affidavits were not in evidence involved situations where the affidavits were submitted to the Judge after the hearing was held and the opposing party was not given an opportunity to challenge them. In Grubbs v. Sunland Training Center of Miami, IRC Order 2-3476 (July 12, 1978), one affidavit was submitted after the hearing and the claimant was denied an opportunity to challenge it. There, although the IRC found that this was error, it held that it was harmless error since the claimant had sufficient opportunity to cross examine the other of the opposing party's expert witnesses. Furthermore, *642 in R & R Construction Co. v. Golden, IRC Order 2-2931 (March 5, 1976), the Commission held that the failure to formally offer affidavits into evidence was not fatal where the record as a whole revealed that the intent of the parties was for the affidavit to be in evidence and made a part of the record.
Secondly, appellants urge that the award of a $40,000 attorney's fee was excessive and reflects, among other things, undue emphasis on the benefits obtained, the establishment or lack thereof of life expectancy and the calculations made considering that factor, consideration of the qualifications of an attorney other than the one who actually tried the case, and consideration of insufficient evidence of the time actually spent on the case.
We do not rule on the merits of the attack on the amount of the attorney's fee because of a third point and that is that the order was inadequate in that it set forth insufficient findings for appellate review. We agree that the order is inadequate and fails to set forth information by which we can determine what criteria in Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), were considered and how they were applied. Cornelius & Sons v. McGrew, 387 So.2d 508 (Fla. 1st DCA, 1980) [1980 Florida Law Weekly 1655]. Accordingly, we must reverse and remand for the entry of a proper order.
We are disturbed by the contention of appellee that appellants should be estopped from challenging the sufficiency of the order because they drafted it. We do not know whether this claim is accurate, but we express the opinion that if it is such conduct would be a breach of ethics. See Canon 1, particularly DR 1-102(A)(4) and DR 1-102(A)(5), Code of Professional Responsibility.
Even if it is true, however, the error invited (or created) would go only to the sufficiency of the order. The estoppel, if any, would merely limit this Court from reversing and remanding this cause for entry of a proper order and leave us in the posture of reviewing the merits of an attorney's fee claim without the benefit of a thorough and comprehensive order which speaks to the issues raised. This we decline to do.
REVERSED and REMANDED for entry of a proper order.
McCORD and THOMPSON, JJ., concur.