SHAW, Judge.
This is an appeal from an order wherein the Deputy Commissioner awarded temporary total disability benefits based solely upon the following stipulation:
The parties stipulated and the undersigned Deputy Commissioner approved the stipulations as follows: that the Deputy Commissioner has jurisdiction of the parties and the subject matter herein; that notice of accident and notice of hearing were properly and timely given; that venue properly lies in Pinellas County; that at all times material for the determination of the issues herein there existed between the respective parties an employer/employee relationship with workers’ compensation insurance coverage afforded by and through R. P. Hewitt & Associates of Florida, Inc.; that the claimant’s average weekly wage is $182.47 with an applicable compensation rate of $109.48; that on July 21,1978, the claimant was injured in an accident arising out of and in the course and scope of employment, sustaining a cervical injury causally related to that accident; that the accident caused the injuries complained of; that maximum medical improvement was achieved June 25, 1980; that temporary total disability payments were made timely until April 14, 1980; that no permanent partial disability payments have been accepted or paid; that none of the medical reports were received into evidence.
The Deputy Commissioner awarded temporary total disability benefits from April 15, 1980 to and including the date of maximum medical improvement, June 25, 1980. *215 The only basis we can discern for the award is the Deputy’s erroneous belief that, as a matter of law, the claimant is entitled to temporary total disability benefits from the date the carrier ceased voluntarily paying said benefits to the date of maximum medical improvement. This is a mistaken concept. The burden of proof in this instance was upon the claimant to show his entitlement to benefits during the claimed period of disability. There being nothing in the record to demonstrate a basis for such an award, the Deputy’s order is not supported by competent substantial evidence.
The order is reversed, and the claim for temporary total disability benefits from April 15,1980 to June 25,1980, is dismissed.
SHIVERS and THOMPSON, JJ., concur.