ORFINGER, Judge.
The judgment appealed from determined that the appellant, the compensation carrier for appellee’s employer, was not entitled to an equitable distribution of the proceeds of a settlement received by appellee from the third party tort-feasors alleged to be responsible for appellee’s injuries.[1]
The tort action had been prosecuted in the federal district court for the Middle District of Florida. The action below was in the circuit court of Brevard County for a declaratory judgment to determine what, if any, rights the compensation carrier had in the settlement proceeds. The circuit court declared appellant’s lien invalid, and further held that it could not recover any part of its claimed lien for failure “to present any competent evidence as to the value of the lien."
We have carefully reviewed the transcript of the evidentiary hearing before the trial court and cannot find error in the court’s determination that no competent evidence was submitted to prove what the compensation carrier had paid to appellee and would be required to pay him in the future.
Appellant relies on State v. Caldwell, 388 So.2d 640 (Fla. 1st DCA 1980) for the proposition that an affidavit may be relied on when it is actually before the court although not formally introduced in evidence. The affidavit in question here is one signed by appellant’s attorney of record setting forth the amounts already advanced by appellant and those which are estimated to be advanced in the future. Without commenting on the competency of the affidavit by the attorney as evidence of the amounts paid and to be paid by his client, and although the affidavit was filed in the court file during the pleading stage of this controversy, there is nothing in the record to show that it was before the court or considered by the court or the parties during the hearing. Thus the facts here are distinguishable from Caldwell where the appellate court found that the Judge of Industrial Claims considered the affidavit in question, that all the witnesses testified with reference to it and that counsel for the parties referred to the affidavit as having been “submitted” to the Judge.
Sub judice, the trial court specifically found the absence of competent evidence to prove the value of appellant’s claim. This would negate any reliance on the affidavit. Since we cannot say that he erred on this point, we need not discuss the questions raised as to the validity of the lien, and the judgment appealed from is affirmed.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. See sec. 440.39(3)(a) and (b), Fla.Stat. (1975).