416 So.2d 1230 (1982)
R.P. HEWITT & ASSOCIATES OF FLORIDA, INC. and Lumbermens Mutual Casualty Company, Appellants,
v.
Betty McKIMIE, Appellee.
No. AE-147.
District Court of Appeal of Florida, First District.
July 20, 1982.
*1231 Robert C. Barrett of Cooper & Rissman, P.A., Orlando, for appellants.
Curtis B. Goff, Orlando, for appellee.
PER CURIAM.
The employer/carrier appeal an order of the deputy commissioner finding the claimant's injuries resulted from her industrial accident, and awarding temporary total disability benefits. We affirm in part and reverse in part.
Claimant suffered three accidents only the last of which was job-related. The first two occurred in May of 1980. The industrial accident occurred in June of 1980. All three were "twisting" injuries to the left knee. The claimant testified that all three accidents caused inflammation and pain of the left knee, but that the third accident was the most painful. After this accident, she felt "very sick," as though "something in the knee had torn." This testimony is bolstered by the fact that, following this third accident, she submitted to an arthrogram because of her increased discomforture. She had previously avoided this procedure because of a fear of needles.
The claimant continued to work after each of these accidents until January 15, 1981, when she entered the hospital with a suspected heart attack. She remained there until January 20, 1981. Her knee was not treated in the hospital.
In March of 1981, Dr. Uricchio operated on the claimant's knee, and discovered a torn medial meniscus which he repaired. *1232 This tear was not revealed by the arthrogram to which claimant submitted following her third accident.
In the absence of objective findings following claimant's three accidents, Dr. Uricchio was unable to say with any degree of certainty which accident was the cause of the tear. In response to a hypothetical question propounded by counsel for the employer/carrier, which required the doctor to assume that the claimant's complaints remained the same following each of her three accidents, the doctor opined that her first accident was the most likely cause of her injury.
Dr. Zilioli saw the claimant after her first and second accidents. He responded to the same hypothetical with the opinion that the first accident could not possibly have caused the injury, and that the second accident was the most likely cause of the tear. Since he had not seen the claimant after her third accident, he would defer to the treating physician on this question.
The deputy commissioner rejected the opinion of both doctors, relying on the claimant's testimony that her third accident was the most serious of the three, and her discomforture significantly increased after this accident. Under the facts of this case, we cannot say that he erred in doing so.[1]
The deputy erred, however, in awarding temporary total disability benefits from January 15, 1981, "to the date of this hearing and continuing until such time as she returns to work or reaches maximum medical improvement."[2] Temporary disability is the healing period during which a claimant is totally or partially unable to work due to his injury. Cornelius & Sons, Inc. v. McGrew, 387 So.2d 508 (Fla. 1st DCA 1980); Corral v. McCrory Corporation, 228 So.2d 900 (Fla. 1969). The claimant would not be entitled to temporary disability benefits during the time she was in the hospital for a condition unrelated to her industrial injury. Further, temporary total disability is payable only until the time the claimant is no longer entitled to that class of benefits. Pinellas County Board of County Commissioners v. Jomo, 394 So.2d 214 (Fla. 1st DCA 1981).
Accordingly, that portion of the order which awards temporary total disability benefits is vacated, and the cause is remanded to the deputy with instructions that he reconsider the award of temporary total disability in light of this opinion. In all other respects, the order of the deputy is affirmed.
REVERSED in part, AFFIRMED in part.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.
NOTES
[1] An expert opinion based on facts not supported by the record cannot constitute proof of the facts necessary to support the opinion, and is not competent substantial evidence. D'Avila, Inc. v. Mesa, 381 So.2d 1172 (Fla. 1st DCA 1980). A deputy may consider lay testimony and his view of the claimant, and his conclusions may be based on testimony of the claimant to the exclusion of that of a medical expert. Crowell v. Messana Contractors, 180 So.2d 329 (Fla. 1965). Lay testimony is of probative value to establish the necessary causal relationship between the accident and the injury where the conditions and symptoms are within the actual knowledge and sensory experience of the claimant. Cf., Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). Here, the claimant's condition and symptoms were within her actual knowledge and sensory experience, and the rejected medical opinions were based on a view of the claimant's symptoms which was not supported by the record.
[2] The order of the deputy commissioner awarded temporary total disability benefits from "July 15, 1981." It is clear from a reading of the order as a whole, that the deputy intended to award benefits from January 15, 1981, the date the claimant entered the hospital.