THOMPSON, Judge.
This is an appeal by Arnold Lumber Company (Arnold) from a final compensation order awarding the claimant permanent total disability (PTD) benefits, consolidated with an appeal by claimant from an order finding no bad faith and denying claimant’s attorney a fee to be paid by Arnold. We reverse the award of PTD and affirm the finding of no bad faith.
Claimant is a pulpwood worker who is employed by Vince Garner (Garner), an independent contractor who cuts timber and sells it to Arnold. Arnold has no connection with the claimant except that it provides workers’ compensation insurance for Garner’s employees.
Claimant sustained a compensable injury on October 24,1979 when a tree fell on him and fractured his right fibula. He was treated by Dr. Brooks who found the claimant had reached maximum medical improvement (MMI) on December 17, 1979 and released him to return to work without limitation on that date. Dr. Brooks assigned no permanent impairment rating. On February 6, 1981, claimant was examined by Dr. Rohan, an orthopedist. Dr. Rohan determined that claimant had a severe foot drop due to peroneal nerve injury caused by the industrial accident, and that claimant’s permanent impairment was 41% of the leg and 16% of the body. Dr. Rohan placed no limitations on the claimant, but stated he would have trouble doing pulpwood work or handling jobs that required a great deal of walking. On August 2,1982 a neurologist confirmed the peroneal nerve injury.
After being released by Dr. Brooks on December 17, 1979 claimant returned to work with Garner and continued to do pulpwood work. He also worked on Garner’s farm, worked for other farmers hoeing peas and watermelons, and mowed lawns. He testified that he had worked approximately four or five days a month in 1981, that he could work fixing chain saws, and could handle a job pumping gas “with ease,” if such work was available. Claimant admitted he had worked in the woods sawing timber as recently as the month before the hearing.
Although there is conflicting evidence on how often claimant worked both before and after the accident, there is no dispute that “paperwooding” is not steady work and that it rarely involves working five days a week. The deputy commissioner (deputy) found that the claimant worked an average *435 of two and one-half days a week and earned $25 a day. Garner’s records show that the claimant only worked slightly less in 1981 and 1982 after he returned to work than he had prior to his injury.
The uncontradicted medical testimony of both Dr. Brooks and Dr. Rohan shows that claimant could return to work without restrictions. The evidence showed that the claimant not only could work but did work after his release at various jobs including pulpwooding and had worked at pulpwood-ing as recently as a month before the hearing. Claimant also testified that he could work fixing chain saws and could handle a job pumping gas “with ease.” Notwithstanding this testimony the deputy found the claimant to be PTD from the date of MMI to the date of the hearing and continuing as long as claimant was legally entitled to such benefits.
Section 440.15(l)(b), Fla.Stat. (1979) relating to the payment of PTD benefits provides in part:
no compensation shall be payable under, paragraph (a) [for PTD] if the employee is engaged in, or is physically capable of engaging in, gainful employment, and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.
By the claimant’s own testimony he was not only physically capable of engaging in gainful employment but he actually engaged in gainful employment during the period for which PTD was awarded. The deputy’s finding of PTD is contrary to the law and to the evidence on this claim.
On his appeal, claimant contends that there is evidence to support a finding of bad faith on the part of employer, Garner. However, that is not the issue to be decided by this court on appeal. The issue to be decided by this court is whether there is competent substantial evidence to support the deputy’s denial of the claim for an attorney’s fee to be paid by Arnold because of the lack of bad faith on the part of Garner. There is competent substantial evidence to support the deputy’s finding that there was no bad faith on the part of Garner.
The award of PTD is REVERSED and the deputy’s finding of no bad faith on the part of the employer is AFFIRMED.
BOOTH, J., concurs.
WENTWORTH, J., dissents.