450 So.2d 577 (1984)
H.S. CAMP & SONS and American Mutual Insurance Co., Appellants,
v.
Bryce C. FLYNN, Appellee.
No. AV-73.
District Court of Appeal of Florida, First District.
May 11, 1984.
Rehearing Denied June 11, 1984.
*578 James M. Hess, of Driscoll, Langston & Kane, Orlando, for appellants.
Daniel L. Hightower, of Green, Simmons, Green, Hightower & Gray, Ocala, for appellee.
WENTWORTH, Judge.
The employer/carrier in this case appeal an order of August 19, 1983, awarding permanent total disability compensation benefits two years after claimant's maximum medical improvement from a crush injury and ensuing infections of his dominant right hand in a meat grinding machine accident.[1] Temporary total disability was *579 paid for a year during which surgery was performed six times on claimant's hand, and wage loss was paid thereafter through February 1983. Issues on appeal are (1) sufficiency of proof of total disability "due to physical limitation" under § 440.15(1)(b), Florida Statutes; (2) voluntary limitation of income by refusing offered employment; and (3) duty of the deputy, before adjudicating permanent total disability, to determine whether claimant may be rehabilitated to suitable gainful employment. We affirm based upon discussion below on the first point. As to issues two and three we conclude that the order meets the essential statutory requirements and is based on an adequate record predicate as to (1) unsuitability of the particular commission sales job offer and (2) lack of any evidence that the rehabilitative services provided in this case could produce results sufficient to defer the permanent total disability determination.
Appellant's contention with respect to proof of permanent total disability appears to be that the following statutory language precludes permanent total disability compensation in any case in which the medical evidence is that claimant is capable of light work:
440.15 ... (1) Permanent total disability.  . .. (b) ... shall be determined in accordance with the facts ... . no compensation shall be payable .. . if the employee ... is physically capable of engaging in, gainful employment; and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation. (e.s.)
Appellant relies on recent decisions reversing permanent total disability awards for lack of competent substantial evidence of physical limitation. Arnold Lumber Co. v. Randall, 438 So.2d 433 (Fla. 1st DCA 1983); Hillsborough County Community College v. Miller, 440 So.2d 26 (Fla. 1st DCA 1983); Ronald Allen Trucking Co. v. Helton, 449 So.2d 874 (Fla. 1st DCA 1984). In those cases, however, the court did not (as appellant contends) hold that incapacity for light work may be established only by medical evidence of physical limitation totally precluding light work. Neither did the recited facts and issues presented in those cases require a decision on the question now before us, i.e., the relevance of a lengthy and exhaustive job search, completely unsuccessful throughout the three years since injury in spite of services from three vocational rehabilitation or placement experts. That factor was in our opinion properly considered by the deputy in the context of the case before him, under circumstances permitting a conclusion that continued search is futile until changed conditions can be shown, a remedy which of course remains available following determination of permanent total disability.
*580 We recognize, of course, that the medical evidence in the present case shows less than total physical incapacity and that the doctor opined a capacity for light work, but we do not find that to be conclusive because we do not read the terms of the statute to limit permanent total disability compensation to those claimants whose doctors impose medical restrictions against "light work." Such a construction would collide with the basic long-standing statutory definition of disability: an incapacity to earn to which a compensable injury contributes.[2] It would also collide with the terms of the 1979 amended provision for permanent total disability above quoted, which restricts such compensation when claimant is "physically capable of ... gainful employment." (e.s.) The amended language does clearly emphasize the requirement that such disability shall be causally related not only to the compensable accident and injury but also to the resulting physical limitation. We conclude against reversal of the deputy's apparent conclusion on this factual issue.[3]
The parties argue, tangentially, the applicability of the ruling and rationale of the en banc opinion in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982).[4] There is, in the present case, no need to debate the pertinence of the Regency economic dislocation argument to proof of permanent total disability since the nature of claimant's impairment and work history in this case is such that he clearly does not depend solely on accident-related job interruption to show a causal relationship between his substantial physical impairment and his total incapacity for gainful employment.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The order found in material part:

7. After his [medical] release ... the claimant returned to work for the employer for 18 days, after which he was fired permanently because of the effect of his hand injury on his job performance.
8. Since the claimant reached maximum medical improvement in November of 1981, the employer and carrier have paid three vocational rehabilitation experts to evaluate the claimant and assist him in returning to the job market. At the suggestion of one or more of the vocational rehabilitation experts, the claimant has been concentrating his search mainly in the area of sales, although he has looked for jobs in other areas. From the testimony of the claimant and the log of job search forms and employer contact forms in evidence, the claimant has made approximately 300 initial contacts of employers in an effort to find work since October of 1981 and many return calls and return visits to the same employers. During that search, none of these employers have offered the claimant a job with the exception of a vacuum cleaner sales company and a funeral home business. In each of these jobs the claimant would work on a straight commission basis with no salary or guarantee and would be required to canvass a given area by vehicle and conduct door to door sales. The claimant declined to take either of these jobs because he cannot afford reliable transportation, the carrier has refused the claimant's request for help in securing reliable transportation and the claimant feels the chances of being successful in door to door sales today are reduced because of the reluctance of people to invite strangers into their home. I agree.
9. The Claimant has conducted a good faith job search.
10. With the exception of the 18 days of employment with the employer post accident, the claimant has not worked anywhere for money or held any job since the date of the accident.
11. That the claimant was examined by Dr. Alexander T. Carducci pursuant to an Order of the undersigned dated April 15, 1983, he rendered his report but could not assist the claimant in further freeing the hand from strictures. Because of the hand, Dr. Carducci rated the claimant with a 22% permanent partial disability to the body as a whole. His report was considered in arriving at this Order.
12. I find the claimant is permanently and totally disabled.
[2] Section 440.02(9), Florida Statutes.
[3] Other statutory changes contemporaneous with the permanent total disability language, supra, have removed from § 440.25(3)(c) the former mandate (originally imposed by Walker v. Electronic Products, 248 So.2d 161 (Fla. 1971)) for findings on specific factors affecting capacity for gainful employment. The order in this case, however, appears to be properly based on consideration of those factors in the case of the 54 year old claimant.
[4] The amendment apparently has no necessary impact on the doctrine, stated in Regency and other opinions, by which good faith work search, unsuccessful for unknown reasons, may in the absence of better proof support an inference of causal contribution from a compensable permanent impairment which claimant properly discloses to prospective employers.

The panel opinion in Regency contrasted the former wage loss criteria with the permanent total disability standard to indicate support for a conclusion that the former wage loss language compelled only a causal relation with the accident or injury (economic dislocation alone) and not with the residual permanent impairment. The Regency ruling for claimant could accordingly, under the former statute, rest on proof limited to unemployment triggered by the accident, while permanent total disability required proof of a causal chain in which impairment was a material factor. The latter standard would appear, under the amended language, to be applicable now to wage loss (cf., City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984)) and to that extent the Regency opinion should be read in light of the new language.