464 So.2d 1317 (1985)
WEST COAST INSULATION and Zurich American Insurance Company in Care of Atlas General Agency, Appellants,
v.
Robert E. LEE, Appellee.
No. AZ-116.
District Court of Appeal of Florida, First District.
March 13, 1985.
*1318 John S. Smith of Marlow, Shofi, Smith, Hennen, Smith & Slother, P.A., Tampa, for appellants.
Richard I. Cervelli, P.A., Naples, for appellee.
JOANOS, Judge.
Employer and carrier appeal from a workers' compensation order in which the deputy commissioner found Lee to be permanently, totally disabled based upon his observation of Lee's apparent discomfort, the history of two surgical procedures with less than favorable results and Lee's showing his unemployability by a fruitless fifteen-month job search. We affirm.
Lee, forty-five years old with a ninth grade education, suffered a compensable back injury when he fell from a stack of drywall on 12 August 1981. Two surgeries were performed in August and November 1981, after which his physician told him nothing more could be done. Temporary total disability was paid until January, 1983, when the employer and carrier began paying wage loss. Lee conducted an extensive, but fruitless, job search from January, 1983 to March, 1984. While medical testimony reflected that Lee was legitimately disabled, ranging from 10-20% permanent partial disability, the deputy commissioner noted the lack of medical evidence to support a finding of PTD based upon an anatomical impairment. Lee complained of continuous pain, a burning sensation in his back, headaches and trouble sleeping. The deputy commissioner found that Lee was permanently, totally disabled due to the consequences of the industrial accident and had proven himself unemployable by his lengthy, unsuccessful work search.
It is beyond our province to "retry the claim at the appellate level and substitute our judgment for that of the deputy on factual issues supported by competent, substantial evidence...." Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). The deputy could properly consider Lee's futile work search, multiple surgeries with less than favorable results and apparent discomfort to determine the factual issue of his ability to engage in light work and conclude that Lee is PTD. See, H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984). As in Flynn, we find no reason to disturb the deputy's conclusion on the factual issue.
Accordingly, the order is affirmed.
MILLS and BARFIELD, JJ., concur.