NIMMONS, Judge.
The employer and carrier appeal an award of compensation benefits based upon a finding of permanent total disability (PTD). Claimant was a Southland Corporation employee who administered polygraph examinations for the employer. In August, 1981, at the age of fifty, he sustained a compensable injury when he fell down in one of the employer’s stores and suffered a herniated cervical disc. We reverse the PTD award on the ground that there is no competent substantial evidence supporting the deputy commissioner’s finding that the claimant was “not able to do even light work due to physical limitation,” the standard required by Section 440.15(l)(b), Florida Statutes.
The medical evidence does not show an incapacity to perform light work.[1] Although the claimant’s three-month job search might well satisfy the search requirements for wage loss, such search is a far cry from that which this court found relevant and significant in affirming PTD in H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984) (involving a “lengthy and exhaustive job search, completely unsuccessful throughout the three years since injury in spite of services from three vocational rehabilitation or placement experts”). Contrary to the situation in Flynn, the claimant’s work search, particularly in view of his education and experience,[2] did not permit “a conclusion that *1330 continued search is futile until changed conditions can be shown.” Id. at 579. See also West Coast Insulation v. Lee, 464 So.2d 1317 (Fla. 1st DCA 1985) (award of PTD affirmed where claimant “had proven himself unemployable by his lengthy, unsuccessful work search” conducted over a period of 15 months).
Accordingly, the order awarding permanent total disability benefits is reversed, and the cause is remanded for further proceedings on the claimant’s alternative claim for wage-loss benefits.
Reversed and Remanded.
ERVIN, C.J., and SMITH, J., concur.

. The only physical limitation placed on claimant when he was released to work by his neurologist was no heavy lifting.

. Claimant’s education includes high school and two years of business college. He was a city police officer for nine years during which time he took various courses offered by the F.B.I. and Florida Junior College, which he described as affording him the equivalent of one and one-half years of education in criminology. He was a polygraph operator for the police department when he left in 1974 to work for South-land in its security department, primarily to administer polygraph examinations. Prior to his law enforcement career, the claimant worked for Western Electric wiring the tele *1330 phones and later worked as an insurance company representative selling group insurance.