WENTWORTH, Judge,
dissenting in part.
I respectfully dissent and would affirm the December 1984 order as to benefits after March 1983. The majority erroneously finds that the modification claim was not properly before the deputy and tried by the parties, since the record contains the employer/carrier’s written pretrial stipulation that an issue to be heard was whether there existed a “change in condition ... to support modification,” and the order recites the claim as one for “alternatively, permanent/total disability based on a Petition for Modification.” For the period of time since the 1983 order reversed by this court, the recox’d shows a change in economic condition for claimant because the evidence as to job search and economic incapacity for this subsequent period is both competent and substantial, in contrast with the conclusion of this court as to the previous period.[1] The new evidence in addition to adequate job search forms and supporting testimony, submitted by claimant and accepted by the deputy’s order, includes the opinion of the employer/carrier’s placement counselor in November 1983 that he would be unable to place claimant (although he continued placement efforts until his services were terminated by the employer/carrier in April 1984). Also considered by the deputy was evidence that claimant undertook and tried to perform another guard job in October 1984, which the order finds “required walking one mile every other hour and climbing steps.... He ... was again unable to work due to the physical requirements of the job.” The deputy concluded:
I find that he has cooperated with ... 3 rehabilitation specialists.... Claimant was obligated to make a good faith effort to obtain employment within his physical limitations and I so find that the claimant has satisfied this obligation to test his employability by affirmatively demonstrating a good faith effort to obtain employment. That the claimant has no experience or training to qualify him for light sedentary work and that because of the successive impairments, he *843 is not able to work uninterruptedly, even at light work. No stable market exists for the very limited services the claimant can perform due to his condition,....
The order recites a review of medical testimony (also submitted in the 1983 hearing) that “claimant should be able to work within his tolerance,” and found that not to be conclusive since the statute does not limit permanent/total disability to those claimants whose doctors forbid light work, citing H.S. Camp v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984), decided since the prior ruling of this court in the present case.
The order on appeal is in substance one which grants modification based on new proof of economic disability, considered in context with proofs previously found insufficient by this court with respect to the period covered by the 1983 order. As to this earlier period, the deputy clearly erred in not according effect to this court’s prior decision. However, insofar as the award covers the later period, our proper appellate function does not in my opinion permit rejection of the deputy’s resolution of the factual issues. We should accordingly reverse in part and either affirm the award of PTD benefits since March 1983 or remand for amendment of the order in that respect.

. Claimant’s counsel argues by brief in this court that the present PTD award is not expressly based on the petition for modification, and that it should be affirmed regardless of whether the evidence shows a changed condition. This argument appears to be based on a misunderstanding of the necessary change as one relating to a change in claimant’s physical or medical condition, as opposed to the change in economic condition contemplated by Flesch v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982). In any event, counsel’s concession does not alter the appellate principle requiring affirmance of the deputy’s order to the extent it is supported by the record. The order does in substance find economic incapacity which, for the period since our prior ruling, is a changed condition different from the economic condition found by this court.