SMITH, Chief Judge.
Appellant, self-insured employer, seeks review of a workers’ compensation order finding claimant to be permanently and totally disabled. We affirm.
In 1980, claimant suffered a compensable back injury which resulted in a 20% permanent physical impairment of the body as a whole. Except for those periods when he was totally disabled, claimant was released to return to light-duty work commensurate with the extensive restrictions placed on his physical activities.
Claimant is sixty-two years old with two years of college and some specialized on-the-job training in the area of engineering. He has worked as a longshoreman, iceman, scaleman, sailor, and electrician. Since 1950, he has worked for the Bell Telephone Company in various positions, involving primarily physical labor. Claimant has not worked since his industrial accident. In February 1981, he exercised his option to retire rather than accept the sedentary position offered by appellant.
For the past 4½ years, claimant has conducted a work search to no avail. From January 1984 through July 1986, claimant contacted approximately 500 employers, including appellant on several occasions, without being offered any employment. During a fifteen-month period, Mr. Charles May, employer-approved vocational rehabilitation counselor, assisted claimant in his job search. At the hearing, Mr. May testified that claimant was unemployable.
This is the third appearance of claimant’s case before this court. On the first occa *1006 sion, the award of temporary total disability benefits for the period following claimant’s retirement was reversed on the ground that claimant had failed to seek subsequent employment after being offered a sedentary job by the employer. Southern Bell Tel. and Tel. Co. v. Seneca, 433 So.2d 1369 (Fla. 1st DCA 1983). On the second occasion, the award of wage loss benefits from May 1982 through December 1983 was per curiam affirmed. Southern Bell Tel. and Tel. Co. v. Seneca, 458 So.2d 277 (Fla. 1st DCA 1984).
In the third order now before this court, the deputy commissioner (dc) found that claimant was permanently and totally disabled. From a review of the record, we find that there is competent, substantial evidence to support the dc’s order awarding permanent and total disability benefits.
We find no merit in appellant’s argument that claimant would still be employed had he not voluntarily retired. That claimant’s voluntary retirement cannot be considered a voluntary limitation of his income in perpetuity in the face of an adequate work search has been implicitly determined by our opinion on the first appeal, and by the deputy commissioner’s order affirmed without opinion on the second appeal.
AFFIRMED.
MILLS and ERVIN, JJ., concur.