550 So.2d 533 (1989)
Lloyd VANN, Appellant,
v.
ST. ANTHONY'S HOSPITAL and Gates, McDonald & Co., Appellees.
No. 88-1903.
District Court of Appeal of Florida, First District.
October 20, 1989.
Ivan Matusek, St. Petersburg, for appellant.
Billy L. Rowe of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees.
NIMMONS, Judge.
This is a workers' compensation case in which the claimant appeals the judge of compensation claim's ruling that he is ineligible for wage loss benefits for a two-month period during which a noncompensable medical condition prevented him from conducting a job search. We reverse.
Appellant, who is presently 63 years old, suffered compensable injuries in 1981 and reached MMI in 1986 with a permanent partial impairment. He conducted an extensive and unsuccessful job search from 1982 to late December 1987, when he entered the hospital for reasons unrelated to his compensable injury. This noncompensable condition prevented him from conducting a job search during January and February 1988, and the employer/carrier (E/C) controverted wage loss benefits for these *534 two months on the ground that appellant had failed to perform a job search. He resumed his job search in March 1988.
Appellant argued that the totality of the circumstances, including his extensive and unsuccessful five-year job search, adequately demonstrated a causal connection between the compensable injury and the wage loss for the period in question. The judge of compensation claims agreed with the E/C that appellant's inability, for reasons unconnected to the compensable injury, to conduct a job search during the two months in question disqualified him from receipt of wage loss benefits during that time.
Entitlement to wage loss is determined on a month-to-month basis, in light of the totality of the circumstances. The claimant's burden is to demonstrate, generally by a good faith job search, that the compensable injury is a contributing causal factor in his wage loss. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984); H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984). The lack of a work search, however, is not necessarily fatal to a claim for benefits. The work search is not an absolute prerequisite to entitlement to benefits, but rather an evidentiary tool by which the claimant will generally demonstrate that compensable physical limitations have caused his wage loss. Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988).
The claimant must present evidence which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss. Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369 (Fla. 1st DCA 1987). The compelling facts of this case, which include appellant's age and his extensive and unsuccessful five-year job search, which he resumed after February 1988, establish an inescapable inference of the required causal connection, despite appellant's failure to test the employment market during the months in question. Although arising in a different context from the instant case, instructive are cases holding that an unsuccessful job search over an extended period of time can support a finding of permanent total disability. See Oak Construction Company v. Jackson, 522 So.2d 1068 (Fla. 1st DCA 1988); Southern Bell Telephone & Telegraph Company v. Seneca, 512 So.2d 1005 (Fla. 1st DCA 1987) (four and a half years); H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984) (three years).[1]
We have previously held, in the context of a claim for temporary total or permanent total disability benefits, that the work search requirement can be excused where the facts establish that it would be a futile gesture, even though the claimant is not technically precluded from engaging in some form of employment. Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986); Alexandre v. Excel Handbags, Inc., 479 So.2d 286 (Fla. 1st DCA 1985); H.S. Camp, supra. We find that the lack of a work search during January and February, 1988, is adequately supplanted by the peculiar circumstances in this case  circumstances which raise the inference that a work search during this 2-month "hiatus" period would not have been fruitful.
We have previously held that where a claimant's industrial injury does not prevent employment and the noncompensable condition prevents the claimant from engaging in employment, the claimant is not entitled to compensation for loss of income. R.P. Hewitt & Associates of Florida, Inc., v. McKimie, 416 So.2d 1230 (Fla. 1st DCA 1982).[2] We distinguish Hewitt on the ground that in Hewitt the claimant continued to work after her industrial accident until she entered the hospital for a noncompensable condition. Unlike appellant, Hewitt had therefore not demonstrated that her *535 loss of income while recovering from the noncompensable condition was in any way caused by her industrial accident.
We emphasize that appellant's cessation of his work search was relatively brief and was followed by renewed unsuccessful efforts at obtaining employment. A different result might well obtain had appellant's inability to seek employment proven to be permanent or of longer duration.
Where the claimant establishes a prima facie case of entitlement to benefits and the E/C fails to present evidence to demonstrate that the wage loss is not attributable to the industrial injury, the claimant is entitled to an award of benefits. Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988). In the instant case, appellees relied upon the lack of a work search to contest appellant's entitlement to benefits.[3]
Accordingly, we reverse and remand with directions that the judge award wage loss benefits for January and February 1988.
WENTWORTH, J., concurs.
ZEHMER, J., specially concurs with opinion.
ZEHMER, Judge (Specially concurring).
I concur in the result reached and in all aspects of the majority opinion except the following statements on the last page of the opinion. I do not concur with the statement that, "A different result might well obtain had appellant's inability to seek employment proven to be permanent or of longer duration." Nor do in concur in the additional statements in footnote 3. Both purport to opine what this court's decision should be if the facts were different from those presently before us. I have not researched, considered, nor made a decision that the facts therein recited would necessarily dictate a different result.
Moreover, I disagree with the correctness of the statements in footnote 3. I know of no provision in chapter 440 or any case construing those provisions that would support the denial of wage loss solely because it was shown that a noncompensable condition was a proximate cause contributing to the claimant's inability to make a work search or accept employment. If the total disability resulting from the interaction of both a compensable condition and a noncompensable condition prevents the claimant from making the job search or accepting employment, the causal relationship of the compensable condition cannot be ignored so as to warrant a denial of benefits solely because part of the cause was a noncompensable condition. Rather, each case must be decided upon its own peculiar facts.
With this clarification, I concur in the court's decision.
NOTES
[1] Appellant has not claimed that he is PTD.
[2] In Alexandre v. Excel Handbags, Inc., 479 So.2d 286, 288 fn. 1 (Fla. 1st DCA 1985), we clarified Hewitt by pointing out that Hewitt "does not mean that unrelated hospitalization requires suspension of benefits when the compensable injury or its sequelae are simultaneously disabling."
[3] It would be a mistake to assume that our holding effectively precludes the E/C from defending a wage loss claim under circumstances such as these. The E/C may still prevail by, for example, presenting evidence which would support a finding that the noncompensable condition was a proximate cause of the wage loss. Such a showing could include evidence that the claimant's noncompensable limitations forced him to reject otherwise suitable employment, or that opportunities for such employment significantly improved during the period when the noncompensable condition prevented a work search.