PER CURIAM.
This cause is before us on appeal of an order of the judge of compensation claims adjudicating claimant permanently totally disabled. For the following reasons, we reverse.
*1329 Claimant is a 44-year-old former mental hospital orderly, job placement counselor, and truck driver. He was injured in 1985 when he fell out of a truck cab and sprained his ankle, and has a two-percent permanent impairment. Due to the ankle injury and preexisting arthritis, he can no longer operate a clutch and is precluded from returning to work as a truck driver.
Claimant has an unusual work history and life-style. A motorcycle biker, he is a former member of riding clubs including the “Outlaws,” “Saints,” and “Warlords.” Although he worked for 16 years as a vocational placement counselor for the State of Ohio, the job was unusual in that claimant worked in an abandoned warehouse instead of in a normal office setting. Claimant’s testimony indicates that he has never worked long in an office environment and finds the thought of doing so repugnant. He prefers to work outdoors and left his position with the State of Ohio when budget cutbacks forced him to work out of the main office.[1] His current physical condition prevents him from doing the type of work he prefers, although medical testimony is undisputed that he is physically capable of sedentary employment. Indeed, vocational testing showed high intelligence, numerous transferable skills, and a 14-page list of jobs potentially within claimant’s medical and vocational abilities.
After reaching maximum medical improvement, claimant conducted a job search for over one year with the assistance of two rehabilitation counselors. He did not find work. The record reflects that this failure was not due to claimant’s vocational unsuitability, but rather because of his appearance. Claimant has very long hair and a very long beard, which he refuses to trim, much less cut. Most of his body is covered with tattoos. The order below describes his appearance as “ominous.”
In order to prove entitlement to permanent total disability benefits, a claimant must establish loss of earning capacity due to physical limitations. Ronald Allen Trucking v. Helton, 449 So.2d 874 (Fla. 1st DCA 1984), citing Regency Inn v. Johnson, 422 So.2d 870, 873 (Fla. 1st DCA 1982), review denied, 431 So.2d 989 (Fla.1983); National TV Rental, Inc. v. Williams, 522 So.2d 909 (Fla. 1st DCA 1988). There is absolutely no question that claimant is physically capable of working. Although he may be unable to perform the type of unstructured, outdoor work he is accustomed to, his high intelligence and transferable skills make him employable in any number of sedentary settings. Although such an environment may be contrary to claimant’s preferences and previous employment experience, the record reflects that these preferences are personal and have no apparent medical basis.
In appropriate cases, a lengthy, exhaustive, unsuccessful job search can substitute for medical testimony indicating inability to work, H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984). This is not such a case. Both rehabilitation counselors who worked with claimant believed that his appearance was what prevented him from finding a job. Because both his appearance and desire not to work indoors are matters of choice, claimant has not satisfied the statutory requirement that he prove inability to work due to physical limitations. Accordingly, the award is REVERSED.
BOOTH, JOANOS and MINER, JJ., concur.

. Even though he would have been pensioned after two more years.