428 So.2d 741 (1983)
Charles DRUMMOND, Appellant,
v.
PLUMBING CORPORATION OF AMERICA and R.P. Hewitt & Associates, Appellees.
No. AK-476.
District Court of Appeal of Florida, First District.
March 24, 1983.
*742 Louis J. Weinstein, of Reasbeck, Fegers, Hess & Weinstein, Hollywood, for appellant.
L.C. Shepard, Jr., of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellees.
NIMMONS, Judge.
Claimant appeals from a workers' compensation order finding, among other things, that he has not conducted an adequate work search entitling him to permanent total disability benefits. We reverse.
Claimant, a 58-year old man, suffered a compensable injury to his back and left leg on December 18, 1978, when he slipped on some copper tubing and fell. Since the date of the accident he has been hospitalized on four different occasions. He has undergone two separate laminectomies and one facetectomy, and a third laminectomy is anticipated in the near future. Dr. Hoffeld, his treating orthopedic surgeon, stated that claimant reached maximum improvement sometime in November of 1980, with a 38% permanent partial impairment of the body as a whole under the AMA Guides. A second orthopedic surgeon, Dr. Lusskin, opined that claimant had a 53% permanent partial impairment to the body as a whole. Both doctors agree that he has a severe functional impairment and will not be able to pursue a regular, forty-hour per week job. Competent medical testimony established that claimant would not be able to stand or sit for more than 30 minutes at a time; that he would continue to have difficulty entering and exiting a car, climbing stairs, lifting, and walking for more than fifty yards at a time; that he could not use his left leg for squatting, kneeling, or operating machinery; and that, at maximum, he should spend no more than twenty to thirty minutes at a time traveling in an automobile. Since reaching maximum medical improvement, his condition has worsened. He will continue to need physiotheraphy and medication and, at some point in the future, will likely require another laminectomy on his back and some operative intervention in his leg.
Both doctors agree that claimant cannot work uninterruptedly at even light work. In fact, Dr. Hoffeld observed: "Without having before me the full range of the job description, I don't know if there's some type of part-time work he could engage in, but it would be doubtful." Harold Dunsky, who was qualified and accepted as an expert vocational consultant, also expressed his opinion that no reasonably stable job market exists for the claimant and that there were no light or sedentary occupations compatible with his severe physical limitations. For all practical purposes, Dunsky noted, claimant is 100% permanently and totally disabled.
Since his accident, claimant has obtained a real estate salesman's license and has attempted to work approximately twelve hours per week. Of course, this occupation requires, among other things, extensive car travel, climbing, walking and entering and exiting automobiles. Because of his severe physical limitations, he has not been successful in this field, earning only one $750 commission in two years. His employer has offered him a full-time job assembling tub and shower valves and cutting and soldering pipes to those valves. The employer's vice president, however, agreed that such a position would be a specially created job. Further, it would require a seventy-minute drive to get to work.
Vocationally speaking, claimant has a high school education with two years business college in business administration and accounting. However, since his discharge from the service, he has worked as a plumber and knows no other trade. Other than his efforts at being a real estate salesman, he has applied for only one position since his injury, that of being a "totalizer" at a dog track.
Claimant's unrefuted testimony regarding his physical disabilities and limitations, when considered in light of the physicians' rather bleak prognoses and their opinions that he is unable to do even light work uninterruptedly, leads to the conclusion that claimant's possible return to work *743 is speculative and could only be in sheltered employment. See Roberts v. WPBT, 395 So.2d 233 (Fla. 1st DCA 1981); Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960). We agree that his testing of the labor market discloses but a minimal effort. However, considering his age, severe physical limitations, and industrial history, we conclude that the job search sufficiently comports with his abilities and restrictions. Matera v. Gautier, 133 So.2d 732 (Fla. 1961). Accordingly, the burden therefore shifted to the employer to show that suitable work was, in fact, available. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975); Leight v. Aladdin Moving Co., 381 So.2d 258 (Fla. 1st DCA 1980). The employer failed to present competent, substantial evidence of available employment suitable for the claimant. Its own specially-created job is unsuitable by the very fact that it requires a seventy-minute drive, a trip which is foreclosed by the doctors' limitations. The sum of all the testimony advanced by claimant and his witnesses, when considered in light of the relative dearth of evidence presented by the employer/carrier, leads to the inescapable conclusion that claimant is, in fact, permanently and totally disabled. Therefore, the order of the deputy commissioner is reversed and this cause is remanded for an award of permanent total disability benefits.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and WIGGINTON, JJ., concur.