440 So.2d 26 (1983)
HILLSBOROUGH COMMUNITY COLLEGE and Gallagher-Bassett Insurance Service, Appellants,
v.
Marie MILLER, Appellee.
No. AR-422.
District Court of Appeal of Florida, First District.
November 2, 1983.
Rehearing Denied December 1, 1983.
*27 Susan R. Whaley, and Richard R. Crooke, Tampa, for appellants.
H. Guy Smith, Lakeland, for appellee.
ROBERT P. SMITH, Jr., Judge.
The self-insured employer and servicing agent appeal a deputy commissioner's order awarding permanent total disability benefits to this 68 year-old worker who apparently is ineligible, due to age, for wage-loss benefits. Sec. 440.15, Fla. Stat. (Supp. 1980).
Claimant sustained a compensable back injury, requiring surgery, and reached maximum medical improvement with a 15 percent permanent neurological impairment of the body as a whole. She suffers also from a medically diagnosed psychiatric impairment, due to depression reaction. No physician says she is unable physically, or for that matter mentally, to work. The psychiatrist says it would do her good to work. Claimant has sought work and has been offered work but in her emotional condition, so the deputy found, "she is obviously unemployable." The deputy further found that "[t]he employer/carrier has offered her no rehabilitation, and there is no reasonable probability that she could be rehabilitated to the extent that she could achieve gainful employment."
The deputy thus found that "she has suffered a total loss of wage-earning capacity and is permanently totally disabled" within the meaning of section 440.15(1)(a), Fla. Stat. (Supp. 1980). Subsection (1)(b) provides that except in limited and specified cases, where permanent total disability is conclusively presumed, "permanent total disability shall be determined in accordance with the facts." The statute further provides:
[N]o compensation shall be payable under paragraph (a) if the employee is engaged in, or is physically capable of engaging in, gainful employment, and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.
We need not address the question of whether an emotional or psychiatric disability can ever be said to have rendered a claimant physically incapable of working, or unable to do light work on account of physical limitations. Assuming that such a case can satisfy the statute, this is not that case. There is no evidence by a competent witness that this claimant is unable to do light work. The deputy's observations of this distressed claimant, at the hearing, would be of considerable weight, were there a fragment of evidence authenticating claimant's total impairment, but there is none.
REVERSED.
WIGGINTON, J., concurs.
BOOTH, J., concurs in part and dissents in part, with opinion.
BOOTH, Judge, concurring in part and dissenting in part:
I agree with the majority that claimant has failed to establish permanent total disability, but must dissent from that portion of the opinion which perpetuates the invidious discrimination based on age alone that arises under Section 440.15, Florida Statutes, as upheld in this court's recent opinion in Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA, 1983). Claimant in this case was 65 years old and working at her job when violently assaulted. She has sustained permanent injury, both physical and mental, but is ineligible for benefits allowed to younger workers under the same circumstances.
The employer, who was willing enough to employ claimant while she was uninjured, is relieved of responsibility because claimant is over 65; and, although her wage-earning ability has been surely impaired as a result of her injuries, there is no remedy afforded claimant under Chapter 440 or at common law. We are told claimant can receive social security retirement benefits (for which *28 she has paid) and can look for some work which she may be able to do.
This statutory scheme, denying recourse or remedy solely because of age, should be held invalid.