443 So.2d 1055 (1984)
FRANK'S FINE MEATS and Travelers Insurance Company, Appellants,
v.
Sam SHERMAN and Division of Workers' Compensation, Appellees.
No. AQ-445.
District Court of Appeal of Florida, First District.
January 10, 1984.
Rehearing Denied February 7, 1984.
Richard E. Hodges of Miller, Hodges & Kagan, Miami, for appellants.
Stephen Marc Slepin of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellee Sam Sherman.
Susan J. Silverman of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for appellee Florida Ins. Guar. Ass'n.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a compensation order contending that the deputy commissioner (deputy) erred in finding that the claimant sustained a compensable accident and in finding that the claimant was permanently totally disabled (PTD). We affirm in part and reverse in part.
There is competent substantial evidence to support the deputy's finding that the claimant sustained a compensable accident on January 7, 1980 and this finding is affirmed.
The deputy's finding that the claimant was PTD is not supported by competent substantial evidence. Section 440.15(1)(b), *1056 Fla. Stat. (1979), in effect at the time claimant sustained his accident on January 7, 1980, provides that no compensation for permanent total disability shall be payable "if the employee is engaged in, or is physically capable of engaging in, gainful employment, and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation." The claimant cites approximately 15 cases in support of his argument that the finding of PTD was proper. However, these cases are inapplicable herein because not a single one involved an accident occurring on or after August 1, 1979, the effective date of the very substantial changes to § 440.15(1) which apply to this post-August 1, 1979 accident. Citing Tropicana Pools v. Truex, 287 So.2d 71 (Fla. 1973), claimant also contends that by law the deputy could accept his own personal observation that the claimant was "patently" disabled "in the teeth of contrary medical evidence" given by his attending physician. The claimant also testified to physical limitations that were not supported by the medical evidence. Although Tropicana is the law applicable to accidents occurring prior to August 1, 1979, it is not applicable to cases involving accidents occurring on or after August 1, 1979. As to the latter accidents, the determination of the existence and degree of permanent impairment must be based upon medically or scientifically demonstrable findings and cannot be based on the claimant's complaints or the deputy's evaluation of those complaints and mere observation of the claimant. The only competent substantial medical evidence showed that the claimant was able to work. There was no competent substantial evidence to support the deputy's finding of PTD and his excusal of a further work search by the claimant. Neither the claimant's complaint of pain and his stated limitations, which were not supported by the medical evidence, nor the deputy's observations, are competent substantial evidence to support a finding of PTD. In Regency Inn v. Johnson, 422 So.2d 870, 873 (Fla. 1st DCA 1982), this court pointed out the distinction between the language in the PTD Section 440.15(1)(b) and permanent impairment and wage loss benefit Section 440.15(3) saying:
We also note that the statutory language on wage loss, supra, stands in contrast to that which governs a claimant's burden in establishing permanent total disability, i.e., "the burden shall be upon the employee to establish that he is not able uninterruptedly to ... work due to physical limitations," and no compensation of that character shall be payable "if the employee ... is physically capable of ... gainful employment." (emphasis supplied by court)
The court went on to hold that the language in § 440.15(3) was less restrictive and would permit payment of wage loss benefits resulting from economic incapacity caused by job disruption as well as physical incapacity whereas the PTD is restricted to disability resulting from physical incapacity. There being no competent substantial evidence that the claimant is PTD because of physical incapacity, the award of PTD is REVERSED.
NIMMONS, J., specially concurs with opinion.
ERVIN, C.J., dissents with opinion.
NIMMONS, Judge, specially concurring.
I concur in Judge Thompson's opinion. In my view, the deputy's order and Judge Ervin's dissent do not give sufficient recognition to the substantial changes in the criteria for permanent total disability fashioned by the 1979 legislative amendments to Section 440.15(1). As amended, permanent total disability benefits are awardable only where the employee is unable uninterruptedly to do even light work due to his physical condition. The claimant in the instant case has failed to sustain his heavy statutory burden of presenting competent substantial evidence supporting the requisite criteria for permanent total disability. As pointed out by Judge Thompson, much of the PTD case law relied upon by the claimant is of limited application as it deals with the pre-1979 amendments statute.
*1057 ERVIN, Chief Judge, dissenting.
Although I agree with the majority that a compensable accident occurred on January 7, 1980, causing injury to the claimant, I must respectfully take issue with its conclusion that the deputy's finding of permanent total disability is unsupported by competent, substantial evidence.
At the hearing, claimant's treating physician diagnosed claimant as suffering from two herniated cervical discs, as well as neurological damage, with resulting pain in his neck and shoulder. The physician had performed five surgical procedures, including two operations, leaving claimant with a 30% permanent impairment of the body as a whole, 15% of which was causally related to the compensable accident. In view of this extensive impairment, he advised claimant not to resume work as a meat handler, a job requiring him to lift crates of meat weighing up to 30 pounds, although his activities were not otherwise limited. Claimant, a 63-year old man with a high school education, testified that he was unable to drive a car due to pain in his neck and inability to turn his neck without turning his whole body; that he had trouble bending over, and that he had difficulty lifting items such as newspapers because of shoulder pain. He applied for several jobs, including delivery work for Purolator and a magazine, but was rejected as a result of his physical limitations in regard to lifting. He applied to a hospital and some high rises, seeking light security work, but found no openings. Based on this evidence, as well as his own close observations of claimant's condition, the deputy excused him from further work search, concluding that claimant was permanently and totally disabled.
The majority appears to take issue, not with the sufficiency of claimant's work search, but only with the sufficiency of the evidence to support the deputy's finding that claimant is entitled to compensation for permanent and total disability under the criteria set forth in Section 440.15(1)(b), Florida Statutes (1979). Thus, the majority's opinion discredits not only lay testimony, but also the deputy's observations of the disabled worker. In so doing, the majority has ignored our prior comments recognizing that a deputy's observations may be competent evidence in establishing a claimant's entitlement to PTD: "The deputy's observations of this distressed claimant, at the hearing, would be of considerable weight, were there a fragment of evidence authenticating claimant's total impairment, ... ." Hillsborough Community College v. Marie Miller, 440 So.2d 26 (Fla. 1st DCA 1983) (e.s.).
The majority's novel interpretation of section 440.15(1)(b) now requires nothing less than medical evidence demonstrating physical incapacity. If there is no medical proof supporting a finding of PTD, the claimant  notwithstanding the abundance of other evidence relating to the question  is now considered not to have met his burden. This conclusion, I submit, runs counter to the long honored tradition of according a liberal interpretation to the Workers' Compensation Act. In construing sections of Chapter 440, this court is to be guided by the "most favorable remedy" doctrine, which requires that "`where the Act is susceptible of disparate interpretations, the court will adopt the construction which is most favorable to the employee.'" Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177, 1178 (Fla. 1980), citing Henderson v. Sol Walker & Company, 138 So.2d 323, 327 (Fla. 1962).
We have also held that lay testimony may be sufficient to sustain a compensation award even in the presence of conflicting medical testimony regarding the extent of the claimant's disability, and that the deputy may consider not only lay testimony, but also his own personal view of the claimant as well. See, e.g., Square G. Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982). The deputy's function as trier of fact is to determine credibility of the claimant's testimony as to physical capability, and where the deputy has "closely observed" the claimant and considered all other evidence going to that issue, I consider that the award of PTD is *1058 supported by competent, substantial evidence. I would therefore uphold the deputy's order in its entirety.