JOANOS, Judge.
In this workers’ compensation appeal, appellants argue that claimant has not shown he is permanently, totally disabled; that no wage loss was awardable if claimant was found to be permanently, totally disabled; that claimant’s work following his accident and his reduction in rent in exchange for yard and house work would preclude an award of total wage-loss benefits; and that only taxable costs should have been awarded. We agree that claimant has failed to show that he is permanently and totally disabled, that wage loss would have to be recalculated on remand and that, as conceded by claimant, only taxable costs should have been awarded.
Claimant, a fifty-two-year old male with a sixth grade education and borderline level of intelligence, injured the thumb of his non-dominant left hand while cutting timber with a chainsaw on June 1, 1981.
Appellants accepted the injury as com-pensable and paid temporary total disability until June 14, 1982. Claimant filed for permanent disability benefits and wage loss. Appellants controverted the claim based upon there being no medical evidence that claimant was unable to return to work and defended the claim based upon, among other things, claimant’s not being permanently, totally disabled, no medical restrictions or evidence of disability, and an insufficient job search.
Claimant’s thumb injury was treated by Dr. Rojas, an orthopedic surgeon, who released him to regular duty work on June 11, 1982. Dr. Rojas stated he would encourage claimant to return to full time work with no restrictions.
Dr. Carducci, orthopedic surgeon specializing in surgery of the hand, evaluated the thumb injury on May 10, 1982. He stated that claimant had reached maximum medical improvement on the date of the evaluation, with a 7% impairment of the whole body under the AMA Guides. Dr. Carducci encouraged physical activity and stated that claimant could return to his previous employment with no restrictions since the *409 injury involved the non-dominant hand. Dr. Ramadan, plastic surgeon specializing in hand surgery, had treated claimant for a previous injury to his left index finger, for which he gave an 8% impairment of the whole body based upon the AMA Guides. Dr. Ramadan last saw claimant in March, 1980 and never evaluated his thumb injury, but felt the thumb injury would exacerbate claimant’s prior disability. Presented with a hypothetical of the thumb injury, Dr. Ramadan felt that claimant would be able to return to some type of full time activity.
Claimant testified before the deputy commissioner relating his left index finger accident and an accident in which his left leg was cut. Both accidents happened prior to his thumb injury and were not the subjects of workers’ compensation claims. Claimant has no driver’s license and needs corrective glasses. Following the thumb injury, claimant performed light carpentry work, mowed grass, and stated he painted a house in exchange for a rent reduction in July, 1982. From July 15, 1982 to August 7, 1982, claimant cut trees in a logging operation. He related that he had dropped the saw and cut his boot during this time. Claimant presented evidence of an extensive work search and expressed his willingness to work.
A vocational rehabilitation counselor saw claimant and testified before the deputy commissioner that claimant’s not having a driver’s license reduced job possibilities for him. Although claimant was highly motivated to return to work, the counselor felt there were no jobs available in the area, given claimant’s physical conditions, age, work history and education.
The deputy commissioner found claimant permanently, totally disabled based upon his anatomical impairment, age, limited education and employment. Entitlement to wage loss was also found, but the finding of permanent total disability precluded payment of wage loss benefits.
Section 440.15(l)(b), Florida Statutes (Supp.1980), places the burden upon the employee to establish that he is unable uninterruptedly to do even light work due to physical limitation, before it can be determined that the employee is permanently, totally disabled. Where there is no evidence by a competent witness that a claimant is unable to do light work, it is error to find permanent total disability. Hillsborough Community College v. Miller, 440 So.2d 26 (Fla. 1st DCA 1983); Arnold Lumber Company v. Randall, 438 So.2d 433 (Fla. 1st DCA 1983). Claimant worked, following his release to work, cutting trees, but the logging operation ended. Claimant then performed odd jobs of painting, light carpentry and lawn work for his landlady to offset his rent. .There is no evidence that claimant is unable to engage in light work.
There is medical evidence of claimant’s having a permanent impairment based upon the AMA Guides and competent, substantial evidence supports a finding of a good faith work search. An award of total wage loss, however, is not supported by the record, given the three weeks claimant worked following his thumb injury. Wage loss benefits should be calculated as provided in section 440.15(3)(b)l, Florida Statutes (Supp.1980), with consideration given for the remuneration claimant received in the form of rent reduction.
Claimant concedes only taxable costs which have been properly submitted should be awarded. The deputy commissioner could properly award those costs statutorily accorded to a prevailing claimant, even though no evidence of same was submitted at hearing. Sandcaribe v. Llerandi, 432 So.2d 185 (Fla. 1st DCA 1983). If the parties cannot agree as to the amount, the deputy commissioner will determine the reasonable costs of the proceedings as provided in section 440.34(3), Florida Statutes.
The deputy commissioner’s award of permanent total disability is REVERSED and this cause is REMANDED for determination of wage loss and award of statutorily provided costs in accordance with this opinion.
SHIVERS and THOMPSON, JJ., concur.