SHIVERS, Judge.
The employer/carrier in this workers’ compensation case appeal the deputy commissioner’s order awarding the claimant permanent and total disability benefits. We affirm.
Claimant injured his back in a compensa-ble accident on September 4, 1979, when he was kicked by a couple of cows while working for his employer as a dairyman. Since the date of his accident to the present, claimant has received extensive medical treatment, both physical, including two unsuccessful back operations, and psychiatric. Claimant’s treating physician since 1979 to the present, Dr. Robert Massam, opined that claimant is 30% permanently physically impaired as a result of his accident. Claimant’s treating psychiatrist, Dr. J.A. Cruz, who first came into contact with claimant after claimant tried to commit suicide, testified that claimant is five to ten percent permanently psyehiatrically impaired due to his accident. In addition, Dr. Massam opined that claimant is 100% permanently physically impaired from returning to his previous job, and that claimant is unable to return to the labor market. This opinion of Dr. Massam was not shared by Dr. Cruz, nor was it shared by Dr. Robert Pfaff, who conducted a one-time independent examination of claimant; Dr. Pfaff opining that claimant could perform such work as assembly work, bench work, office work, or sales, provided claimant received additional training.
In 1983, claimant filed claim for permanent and total disability benefits. At hearing, the above-mentioned medical opinions were introduced. Additionally, rehabilitation expert Karl Melcher, who conducted a three day vocational evaluation of claimant, testified that claimant would not be a good candidate for rehabilitation and that claimant could not perform light work uninterruptedly. Claimant testified that he experiences periodic pain, especially after prolonged periods of sitting or standing, and that he has been unable to find work after inquiring about jobs at numerous places.
In the order on review, the deputy found that claimant is permanently and totally disabled within the meaning of the statute. Specifically, the deputy found that claimant is substantially permanently disabled, both psyehiatrically and anatomically, and that claimant is unable to do even light work uninterruptedly. The employer/carrier contend that this order is error. We disagree.
In essence, the employer/carrier contend that since Dr. Massam assigned claimant a 30% anatomical impairment, as opposed apparently to a 100% impairment, the deputy was precluded from awarding claimant permanent and total disability benefits. The employer/carrier cite this court’s recent decision in Frank’s Fine Meats v. Sherman, 443 So.2d 1055 (Fla. 1st DCA 1984), in support of their position. However, section 440.15(l)(b) (1979) does not require, nor does Frank’s Fine Meats mandate, that a claimant demonstrate that he or she is 100% physically disabled or physically broken and wrecked for all purposes except merely to live in order to claim permanent total disability benefits. See generally Port Everglades Terminal Co. v. Canty, 120 So.2d 596, 600 (Fla.1960). Rather, the claimant must be physically incapable of engaging in gainful employ *122 ment and the burden is on the claimant to “establish that he is not able uninterruptedly to do even light work due to physical limitation.” Applying this standard to the case at hand, we find and hold that the testimony of Dr. Massam, as corroborated by the testimonies of Karl Melcher and claimant, provide competent, substantial evidence that claimant is not able uninterruptedly to do even light work due to physical limitation. Accordingly, claimant is entitled to permanent and total disability benefits. Compare H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984).
The order on appeal is AFFIRMED.
MILLS and WIGGINTON, JJ., concur.