THOMPSON, Judge.
In this appeal from a workers’ compensation order awarding, inter alia, tempo *412 rary total disability (TTD) benefits, the employer/carrier (E/C) contend that the Deputy Commissioner (deputy) erred both in finding that the claimant was totally disabled during the period for which TTD benefits were awarded, and in finding that the claimant is permanently and totally disabled (PTD). The claimant cross-appeals, asserting that the deputy erred in failing to award PTD benefits. Because there was competent substantial evidence to support the deputy’s determination to award TTD benefits, the award of TTD benefits, interest, and costs is affirmed. However, the claimant’s contention that the deputy should have ruled on the claim for PTD benefits appears to have merit. Accordingly, we remand for determination of the claim for PTD benefits.
In his order, the deputy made extensive findings of fact as to claimant’s age, education, work experience, physical impairment and restrictions, and ability to obtain employment commensurate with his post-accident abilities. Based on these findings of fact, the deputy concluded that “it would appear that the claimant, at present, is permanently and totally disabled.” (emphasis supplied) After noting that the claimant was receiving wage loss benefits, and thus would not be prejudiced by a delay in adjudication of the PTD claim, the deputy determined that he would “reserve ruling on the issue of permanent total disability benefits ... to allow the carrier a sufficient opportunity to provide the claimant with rehabilitation benefits ...” The ambiguity presented by the deputy’s use of the qualifying phrases “it would appear” and “at present” in connection with his finding that claimant is PTD requires us to hold' that that portion of the order was mere dicta, and was not actually a finding at all. Since the question whether claimant was PTD was ripe and at issue, it should have been ruled upon. Washington Square Associates, Ltd. v. Bourne, 408 So.2d 809 (Fla. 1st DCA 1982).
Section 440.49(l)(c), Fla. Stat., provides as follows:
Prior to adjudicating an injured employee to be permanently and totally disabled, the deputy commissioner shall determine whether there is a reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.
The deputy’s determination to reserve ruling on the PTD issue pending efforts to rehabilitate the claimant would appear to represent an effort by the deputy to comply with the above quoted statute, and would further appear to be-based on an implicit determination that rehabilitation of the claimant would be in the best interest of all parties to this appeal. We agree with this implicit determination. Upon remand, the deputy shall determine whether there is a reasonable probability that claimant can be rehabilitated to the extent that he will be able to achieve suitable gainful employment, and if such reasonable probability is found to exist, he shall deny the claim for PTD benefits. In the event the deputy concludes that there is not a reasonable probability that claimant can be rehabilitated, the deputy shall then determine, on the basis of the existing record, whether claimant has carried his burden of proving that he is not able uninterruptedly to perform even light work due to physical limitations. Section 440.15(l)(b), Fla.Stat.; Frank’s Fine Meats v. Sherman, 443 So.2d 1055 (Fla. 1st DCA 1984).
REVERSED1 and REMANDED.
BOOTH and SMITH, JJ., concur.