WIGGINTON, Judge.
We affirm the deputy’s award of permanent total disability benefits and find no error in the deputy’s rejection of Dr. Rupert Schroeder’s testimony.
The evidence is competent and substantial to support the deputy’s finding that claimant is permanently and totally disabled. Claimant’s testimony, in conjunction with that of Dr. Murphy and the rehabilitation nurse, establishes that claimant is unable to do even light work uninterruptedly, and that his possible return to work is speculative and could only be in sheltered *556 employment. Drummond v. Plumbing Corporation of America, 428 So.2d 741 (Fla. 1st DCA 1983); Butler’s Dairy v. Honeycutt, 452 So.2d 120 (Fla. 1st DCA 1984). Although claimant’s testing of the job market was minimal, considering his age, severe physical limitations, and his industrial history, his efforts at Ernie Haire Ford following the surgery and his “work” at the mini-warehouse amounted to a search sufficiently comporting with his abilities and restrictions. Drummond, 428 So.2d at 743. The E/C failed to show suitable work was available.
Regarding the deputy’s rejection of Dr. Schroeder’s testimony, we recognize the rule that failure to state reasons for accepting one doctor’s opinion over others is reversible error where the reason for the finding is not apparent from the record, or where it appears the deputy has overlooked or ignored evidence in the record. Allied Parcel Delivery v. Dixon, 466 So.2d 439 (Fla. 1st DCA 1985). However, here the reference in the order to the fact that Dr. Schroeder examined claimant only once, and for reasons other than compensation, indicates his testimony was neither overlooked nor ignored by the deputy.
AFFIRMED.
ERVIN, J„ and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.