THOMPSON, Judge.
The employer/carrier (E/C) appeal an order finding the claimant to be permanently totally disabled (PTD) and awarding claimant PTD benefits from June 18, 1982 and continuing for such period of time as the claimant remains PTD. We reverse.
The claimant was injured in a compensa-ble industrial accident on October 27, 1980. He received temporary total disability benefits from October 27, 1980 to April 1984 and wage-loss benefits from April 1984 through November 1984. During this period a claim was made for PTD benefits. A hearing was held on this claim December 8, 1982, and an order awarding PTD benefits from June 18, 1982 was entered March 14, 1983. This order was appealed and on March 30, 1984 this court rendered its opinion reversing the award of PTD benefits. Ronald Allen Trucking Company v. Helton, 449 So.2d 874 (1st DCA 1984). (Ronald Allen I).
On August 16, 1984, another claim for PTD and other benefits was filed and on October 18 an application for a hearing on this new claim was filed. A petition for modification was filed on October 30, 1984 but the record includes no evidence that any application or notice of hearing on the petition for modification was ever filed. Prior to the November 28, 1984 hearing on the renewed claim for PTD benefits, the claimant and claimant’s attorney failed or refused to cooperate with the E/C’s rehabilitation efforts and successfully objected to a hearing on a motion to compel rehabilitation on grounds that the E/C failed to give 15 days notice by certified mail.
Notwithstanding the decision of this court reversing the prior order awarding claimant PTD benefits from June 18, 1982 the deputy commissioner (deputy) again entered an order finding that the claimant reached maximum medical improvement (MMI) on June 18, 1982 and finding the claimant PTD from June 18, 1982. No additional medical evidence was adduced at the November 28, 1984 hearing, and there was no evidence of any physical change of condition of the claimant or of any mistake of fact in the prior order. The claimant’s attorney concedes that there was no evidence which would constitute a basis for modification and points out that there were no findings in the deputy’s order which even addressed the petition for modification. He contends that since the deputy did not address the petition for modification it should be deemed to have been denied. We agree that there were no findings in the deputy’s order that address the petition for modification. The decision of this court in Ronald Allen I is the law of the case until such time as the claimant does show a change of condition or mistake of fact by means of a hearing on a properly noticed petition for modification.
In his 1984 order awarding PTD benefits the deputy recites and relies on many of the facts previously considered in the PTD determination made in his order of March 14, 1983. These facts were also considered and recited by this court in reversing the March 14, 1983 order. The 1984 order finds that the claimant had been able to work only three days during the past three and one-half years and had made an exhaustive job search as evidenced by his job search forms submitted in evidence as claimant’s Exhibit One. This exhibit reflects no job search by the claimant until April 1984 and this search was performed in connection with a wage-loss application. The 1984 order also finds that the claimant obtained a job as a security guard in 1982, but after two days was unable to continue to work due to his physical condition. This same evidence was considered by the deputy in making the prior award and also by this court in its decision in Ronald Allen I. In the decision of this court it was pointed out that although the claimant quit the security guard job after two days, contending that he was physically unable to perform the duties involved, both Dr. Gilmer and Dr. Zilioli testified that these duties were well within the claimant’s capacity to perform. As pointed out in Ronald Allen I the claimant’s testimony concerning his pain and limitations, which is unsupported by medical evidence, does not constitute *842 competent substantial evidence to support a finding that the claimant is PTD. Frank’s Fine Meats v. Sherman, 443 So.2d 1055 (Fla. 1st DCA 1984), pet. for rev. den., 451 So.2d 850 (Fla.1984). In October 1984 claimant also worked one day at another security job and then quit. The physical requirements of this job were the same or even less rigorous than those of the security job claimant quit in 1982. There was no change in the medical evidence that claimant was capable of performing the duties of such a job.
Although not raised on appeal, we point out for the benefit of the deputy and both parties that the order which found the claimant had reached MMI on June 18, 1982, more than two years prior to the date the order was entered, erroneously requires the E/C to provide the claimant with remedial care and treatment.
The December 19, 1984 order finding claimant PTD and ordering the payment of PTD benefits from June 18, 1982 is REVERSED without prejudice for the deputy to hear the pending petition for modification after proper notice and to determine whether there has been a change of condition or a mistake of fact that would warrant a finding of PTD.
JOANOS, J., concurs.
WENTWORTH, J., dissents in part.