498 So.2d 536 (1986)
BILL's EQUIPMENT AND RENTALS and U.S. Fidelity & Guaranty Company, Appellants,
v.
Charles A. TEEL and Division of Workers' Compensation, Appellees.
No. BJ-407.
District Court of Appeal of Florida, First District.
November 20, 1986.
Rehearing Denied December 24, 1986.
John F. McMath, P.A., Miami, for appellants.
Thomas C. Johnson of Dunn and Johnson, P.A., Miami, for appellees.
SMITH, Judge.
Employer/Carrier (E/C) seek review of a workers' compensation order awarding claimant permanent total disability benefits and claimant's counsel an attorney's fee in the amount of $15,000.00. We affirm on both issues.
Claimant, a sixty-five year old male with two and one-half years of education, suffered a compensable back injury on July 9, 1979, when he tried to unroll and cut a heavy piece of pump hose. Claimant was treated by several doctors for his back injury and preexisting osteoarthritis. All four doctors gave claimant a permanent physical impairment rating ranging from five percent (5%) to twenty-six percent *537 (26%), and one doctor stated that claimant's condition would progressively deteriorate. The doctors instructed claimant to avoid repetitive twisting, bending, and lifting more than ten pounds. Claimant also suffers from constant back pain which is intensified by prolonged walking, sitting and driving.
Claimant has worked most of his life as a heavy equipment mechanic, but he also has some experience as a gas station attendant, car washer, and farm hand. After his accident, he tried to do some auto mechanic work at home, but it was too painful. He then sought similar work from several prospective employers.
E/C first contend that neither the medical testimony nor the quality of claimant's work search supports the deputy commissioner's finding of permanent total disability. While there was no specific medical evidence of claimant's total inability to work, the physical restrictions placed on his activities had the effect of eliminating all types of employment within claimant's capacity and for which he would be qualified. Claimant is hampered by his limited schooling and advanced age, and has no job skills which do not involve repetitive twisting, bending, and lifting more than ten pounds. The record reveals that claimant sought employment commensurate with his work experience and job skills, while the employer made no effort to obtain employment for claimant. Based on these facts, the deputy commissioner did not err in excusing claimant's failure to more actively seek employment. Where an effort to find employment would be a futile and useless gesture, the deputy may excuse claimant from the requirement of a work search as a predicate for disability benefits. Fairchild Industries, Inc. v. Sievers, 447 So.2d 393 (Fla. 1st DCA 1984). We conclude that the deputy did not err in finding claimant unemployable and totally disabled.
E/C next contend that the amount of attorney's fee awarded was excessive. The present value of the benefits obtained for claimant was $61,500.00. At the hearing, claimant's counsel submitted an affidavit in which he described his activities during the seventy hours he expended on the case. He testified that $150-$200 was a reasonable hourly rate for himself, that other attorneys in the area customarily charged in excess of $200 per hour, and that $20,000.00 would be a reasonable fee. Counsel for E/C had an opportunity to cross-examine claimant's counsel and also to testify on his clients' behalf. He testified that a reasonable hourly rate would be $150.00. Since there was at least some competent, substantial evidence before the deputy commissioner on which he could base his award of attorney's fee, we conclude that the $15,000 fee was not so excessive as to warrant reversal. Brevard Community College v. Barber, 488 So.2d 93 (Fla. 1st DCA 1986). We also conclude that the deputy commissioner offered an adequate explanation for the award.
In addition to the above two issues, the E/C raise a third issue for the first time on appeal. They contend that they are not responsible for paying the entire amount awarded for attorney's fees, but rather they are responsible for paying only seventy-five percent (75%) of that amount pursuant to the provisions of section 440.34(1), Florida Statutes (1978), in effect when claimant was injured, which provided in part as follows:
With respect to attorney's fees on claims for benefits other than medical benefits, 75 percent shall be paid by the employer or carrier and 25 percent shall be paid by the claimant; however, the employer or carrier shall pay all of the attorney's fee if the claimant proves to the judge that the employer or carrier handled his claim in a negligent, arbitrary, or capricious manner.
The general rule is that issues not preserved for appeal are waived. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982). The E/C here not only failed to assert the applicability of this statute at the hearing before the deputy, but also failed to mention the matter of apportionment of attorney's fees under the statute in a motion for rehearing *538 after the order awarding fees was entered. See, Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981). We adhere again to the well-settled rule that the failure to preserve issues below waives such questions on appeal. Holiday Inn and Adjustco, Inc. v. Sallee, 496 So.2d 227 (Fla. 1st DCA 1986).
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.