530 So.2d 1032 (1988)
SELIGMAN & LATZ, INC., and National Union Fire Ins. Co. (AIAC), Appellants,
v.
Henriet PANELL, Appellee.
No. 87-1265.
District Court of Appeal of Florida, First District.
August 31, 1988.
Rehearing Denied September 7, 1988.
Tina M. Cook, of Underwood, Gillis & Karcher, Miami, for appellants.
Marvin J. Kristal, of Ira J. Druckman, P.A., Miami, for appellee.
WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers' compensation order by which they were ordered to pay permanent total disability benefits. They contend the deputy commissioner erred in finding a causal relationship between the appellee's compensable accident and her subsequent back complaints, and in finding that she is permanently totally disabled.
*1033 Appellee in 1984 sustained a fracture of her right kneecap in a compensable accident, and compensation benefits were provided. She returned to work as receptionist/manager in a beauty salon until 1986, when she was hospitalized for low back pain. Prior to her hospitalization, she had complained to the authorized treating physician of pain radiating from her left buttock down her left thigh. The condition was diagnosed as severe gluteal femoral fascitis, probably originating from appellee's altered gait as a result of her knee injury. Later in 1986, appellee began work on a part-time basis as a receptionist in her husband's beauty salon. A second treating physician found that she reached maximum medical improvement as of November 4, 1986, and assigned her a six percent permanent physical impairment to the body as a whole based on her right lower extremity and her symptomatic back problem. The physician stated that he doubted that appellee would ever be gainfully employed again due to her poor endurance for walking, sitting, lifting and bending. He diagnosed a healed fracture of the right patella and degenerative disc disease of the lumbar spine. A third physician examined appellee in 1986 at the request of the employer/carrier, and assigned a 10 percent permanent impairment of the lower extremity. He opined that appellee's back problem probably was secondary to spinal stenosis, and unrelated to the knee injury. Appellee returned to work part-time at her husband's salon in 1987, working one day per week at $5 per hour.
Appellee filed a claim for permanent total disability benefits. The employer/carrier controverted on grounds that appellee was not permanently totally disabled. Following hearings on the claim, the deputy commissioner found that appellee's low back problem was related to her knee injury, and that she was unable to perform even light work uninterruptedly. Based on these findings, he awarded appellee permanent total disability benefits.
We find that competent, substantial evidence exists in the record to support the determination of causal relationship between appellee's knee injury and subsequent back problem. Dr. Norman Turoff, the first treating physician, stated that appellee's altered gait following her knee injury produced the low back problems. His opinion was amply predicated upon his medical reports from 1985 and 1986, in which he continually stated that his impression was that the back pain, eventually diagnosed as a herniated lumbar disc, resulted from the right patella fracture.
Section 440.15(1)(b), Florida Statutes (1983), provides that permanent total disability benefits are not awardable "if the employee is engaged in, or is physically capable of engaging in, gainful employment." The section provides that it is the claimant's burden "to establish that he is not able uninterruptedly to do even light work due to physical limitation." Here, Dr. Turoff testified that as of May 1986, appellee "might be able to return to work, but not on an [un]interrupted basis." The second treating physician, Dr. James Johnson, stated that he doubted appellee "will ever be gainfully employed again, since her endurance is poor regarding walking, sitting, and any lifting or bending." Although Dr. Johnson also stated that appellee's part-time work at the beauty salon was permissible, and that she was restricted only as to prolonged standing, walking, lifting and bending, we find that his opinion that she could work "as tolerated" was sufficiently restrictive to establish appellee's eligibility for permanent total disability benefits. A vocational counselor, in addition, testified that he was unable to find positions for appellee, and that because she was restricted to working only "as tolerated" he believed she would not be employable. We find the medical and vocational evidence sufficient to sustain the deputy's conclusion that appellee is unable to perform light work uninterruptedly, and not employable in the open labor market.
The order is affirmed.
ZEHMER and BARFIELD, JJ., concur.