531 So.2d 999 (1988)
DENTAL ARTS LAB, INC., and Northwestern National Ins., Appellants,
v.
Gloria CONSTANTINO, Appellee.
No. 87-821.
District Court of Appeal of Florida, First District.
September 20, 1988.
Lori M. Berliner, of Walsh, Theissen & Boyd, Ft. Lauderdale, for appellants.
Frank B. Kessler, Lake Worth, J.J. Goodmark, West Palm Beach, for appellee.
WENTWORTH, Judge.
Appellants seek review of a July 7, 1987 workers' compensation order by which they were ordered to pay temporary partial disability benefits for the period from March 19, 1985 through July 22, 1986, plus penalties, permanent total disability benefits from July 23, 1986, and medical bills. Appellants argue several evidentiary issues, and challenge the deputy commissioner's ruling that they were not entitled to the statutory offset of section 440.15(3)(b)4, Florida Statutes,[1] benefits during the period *1000 of temporary disability when wage loss benefits were awarded. We affirm.
Appellee, a 64 year old delivery person, injured her right knee and foot in a compensable automobile accident on November 20, 1984. Dr. Donaghue, an orthopedic surgeon, treated appellee for approximately one year and diagnosed her as having swelling and discomfort as a result of her fractured metatarsal in the right foot. He found that appellee reached maximum medical improvement on November 11, 1985, with a 10% permanent impairment to the foot and ankle, which extrapolated to a 7% impairment of the lower extremity, and a 3% whole body impairment. Dr. Donaghue stated that appellee could return to work on a part-time basis. He restricted her from climbing ladders or stairs, and stated she would have difficulty walking over rough terrain. He stated that it was not safe for her to drive. Appellee returned to work part-time for the employer in March 1985, working six hours per day at a clerical position at which she earned 99 cents per hour less than she had in the delivery position. The employer fired appellee in October 1985 because she was unable to improve her performance in the clerical job.
The employer/carrier paid temporary total disability benefits from November 20, 1984 through March 18, 1985. The deputy commissioner found that appellee was entitled to temporary partial disability benefits, based on her actual earnings subsequent to the accident, for the period from March 19, 1985 through July 22, 1986, the date of maximum medical improvement, with permanent total disability benefits, plus supplemental benefits, from that time.
Medical testimony established that appellee has a permanent impairment, and her activities are restricted. The deputy commissioner also properly considered appellee's advanced age, limited education, and employment history limited to delivery work. A vocational expert testified that he could not accept appellee for a job placement because he felt he could not place her. Appellee testified that she was in constant pain and unable to drive. These facts were sufficient to establish that appellee was unable to do light work uninterruptedly. See Ernie Haire Ford, Inc. v. Hamilton, 483 So.2d 555 (Fla. 1st DCA 1986). The record establishes that appellee was unable to resume her delivery position after returning to the employer because she was unable to drive. The employer placed her in a clerical position for which she was untrained, and stated in a termination letter that appellee's salary had been cut because her performance in the clerical position was not adequate. The employer/carrier presented no evidence of available work within appellee's abilities. The adequacy of a job search is a factual matter for the deputy commissioner to determine. Whitehall Corp. v. Davis, 448 So.2d 47 (Fla. 1st DCA 1984). Evidence presented showed that appellee did conduct an extensive job search.
The record shows that appellee's wages were reduced from $5.99 to $5.00 per hour after she returned to work, and that her work duties and hours were reduced because she no longer was able to perform delivery work. Dr. Donaghue had advised appellee not to drive. There was competent substantial evidence to support a finding that appellee's injury played a part in the reduction of her wages.
The deputy commissioner correctly determined that the retirement benefits offset is applicable only to wage loss benefits for permanent disabiliy following maximum medical improvement:
I, specifically, reject the Employer/Carrier's argument that an offset be allowed for Social Security Retirement Benefits against the Claimant's temporary partial wage loss benefits. I find that Fla. Stat. Section 440.15(3)(b)4 is inapplicable to temporary partial benefits, since it is specifically listed as an offset provision only under the wage loss section of Fla. Stat. Section 440.15 [applicable to permanent disability benefits]. If the legislature had chosen to enact a Social Security *1001 offset against temporary partial benefits, it would have done so specifically.
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] PERMANENT IMPAIRMENT AND WAGE-LOSS BENEFITS. 
.....
(b) Wage-loss benefits. 
.....
4. If an employee is entitled to both wage loss benefits and social security retirement benefits under 42 U.S.C. ss. 402 and 405, such social security retirement benefits shall be primary and the wage-loss benefits shall be supplemental only. The sum of the two benefits shall not exceed the amount of wage-loss benefits which would otherwise be payable. For the purposes of termination of wage-loss benefits pursuant to subparagraph 3.1., the term `payable' shall be construed to include payment of social security retirement benefits in lieu of wage-loss benefits.