557 So.2d 948 (1990)
BUENA VISTA PALACE and Adjustco, Inc., Appellants,
v.
Lydia LOPEZ, Appellee.
No. 89-1391.
District Court of Appeal of Florida, First District.
March 9, 1990.
*949 Theodore N. Goldstein, of Rissman, Weisberg, Barrett, and Hurt, P.A., Orlando, for appellants.
Douglas H. Glicken, of Douglas H. Glicken, P.A., Orlando, for appellee.
SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal an order awarding claimant permanent total disability (PTD) benefits and costs. We reverse and remand with directions.
Claimant is a 51-year-old female who was born in Puerto Rico where she achieved a third grade education and worked as a housekeeper. At the time of hearing she had been in Florida five years, had never driven a car, could speak very little English, and could not read or write any English. She was employed as a maid at the time of her injury which occurred while she was moving beds. She received medical treatment but felt she could not work. She filed a claim for, inter alia, PTD benefits and costs. Following a hearing on her claims, the judge of compensation claims (JCC) awarded claimant PTD benefits and costs.
At hearing, claimant complained of continuing low back pain. In awarding PTD benefits, the JCC relied in part upon claimant's testimony and his observation of her. Section 440.15(1)(b), Fla. Stat.,[1] requires that "the determination of the existence and degree of permanent impairment must be based upon medically or scientifically demonstrable findings and cannot be based on the claimant's complaints or the deputy's evaluation of those complaints and mere observation of the claimant." Frank's Fine Meats v. Sherman, 443 So.2d 1055, 1056 (Fla. 1st DCA 1984). In Frank's Fine Meats the claimant suffered two herniated cervical discs and neurological damage, had a 30 percent permanent impairment rating to the body as a whole, and testified he was unable to return to work as a meat handler and was unable to drive a car due to pain in his neck and inability to turn, bend, or lift items such as newspapers. The court reversed the order awarding PTD benefits, finding that it was not supported by competent, substantial evidence. The court stated that "[n]either the claimant's complaint of pain and his stated limitations, which were not supported by the medical evidence, nor the deputy's observations, are competent substantial evidence to support a finding of PTD." Id. at 1056. See also Ronald Allen Trucking Company v. Helton, 449 So.2d 874 (Fla. 1st DCA 1984) (the court reversed the PTD award to a 43-year-old truck driver with a sixth grade education who was given a permanent impairment rating of 20 percent to the body as a whole by one doctor and 12 percent by another doctor, finding that the deputy's reliance on claimant's complaints of pain and his observation of claimant "was not corroborated by the medical evidence, all of which showed that claimant was physically capable of performing at least light work... ." Id. at 876.); Hillsborough Community College v. Miller, 440 So.2d 26 (Fla. 1st DCA 1983) (the court reversed the PTD award to a 68-year-old worker who sustained a back injury that required surgery and whose MMI resulted in a 15 percent permanent impairment to the body as a whole, stating that "[t]he deputy's observations of this distressed claimant, at the hearing, would be of considerable weight, were there a fragment of evidence authenticating claimant's total impairment, but there is none." Id. at 27); Cf. Dental Arts Lab, Inc. v. Constantino, 531 So.2d 999 (Fla. 1st DCA 1988) (medical evidence of permanent impairment and restricted activity, vocational evidence that claimant could not be employed, claimant's testimony that *950 she was in constant pain, and evidence of an extensive job search, combined to support the award of PTD benefits).
As to claimant's physical condition, the JCC relied upon the opinion of Dr. Gomez, to the exclusion of other treating physicians, which he was entitled to do. Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988) (the testimony of one physician may be accepted over that of several others). Dr. Gomez opined that claimant did not suffer any disc bulge or herniation that would cause neurological deficit. In his opinion, claimant reached MMI with a four percent permanent impairment rating to the body as a whole. He stated that due to claimant's condition, she should not lift more than 20 to 30 pounds, she should refrain from repetitive bending or stooping, but she would be able to work approximately six hours a day. He also stated that he believed claimant could do light work on an uninterrupted basis. Dr. Gomez's testimony alone does not support a PTD award. See Ronald Allen Trucking Company, supra; Harper Plumbing and Heating v. Boyd, 418 So.2d 396, 397 (Fla. 1st DCA 1982) (the court reversed the PTD benefits award because claimant's physicians stated that claimant was more than capable of performing light work); cf. Seligman & Latz, Inc. v. Panell, 530 So.2d 1032 (Fla. 1st DCA 1988) (one doctor's opinion that the claimant would not be able to work on an uninterrupted basis, another doctor's opinion that the claimant could work on an part-time basis "as tolerated," and a vocational counselor's testimony that he was unable to find a job for claimant because she was restricted to working only "as tolerated," supported the PTD award).
The JCC found that claimant "performed an extensive good faith job search, which, as a result of her industrial injury, was fruitless." Where the evidence shows that claimant has some capacity for light work, evidence of a lengthy, exhaustive job search, which proves completely unsuccessful, will support a PTD finding. Oak Construction Company v. Jackson, 522 So.2d 1068 (Fla. 1st DCA 1988); Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986) (where the standard for finding claimant excused from the requirement of a work search as a predicate for disability benefits was described as when the effort to find employment would be a futile and useless gesture). Reviewing claimant's documentation of her work search, it is clear she exhausted the possibility of obtaining employment, within her physical restrictions, as a maid in any of the hotels in her area.
As to claimant's vocational prospects, the JCC relied upon the testimony of vocational rehabilitation specialist Charles May. When claimant's counsel asked Mr. May whether he believed claimant was able to do light work uninterruptedly, he stated that he didn't think she could, that she would have a great deal of difficulty holding any sustained activity. On the other hand, when E/C's counsel asked the same question, but posed it in light of Dr. Gomez's medical opinion, Mr. May agreed that claimant should be able to work for six hours per day. He concluded, however, that due to her physical restrictions, her age, her vocational background, and her limited ability to speak English, she was not suitable for gainful employment.
The JCC rejected the testimony of vocational rehabilitation specialist Julie Zarcone, stating it was inconsistent with the labor market survey conducted by Cost Containment Management. However, the Cost Containment Management labor market survey indicates job availability consistent with duties Julie Zarcone described. She testified that after reviewing claimant's medical and demographic background and after reviewing the labor market in claimant's area, she thought claimant would be able to perform light duties of an assembler, sorter, bundler, packager, buffet attendant, or food server.
We conclude that the evidence does not support a PTD award at this juncture. The medical evidence relied upon by the JCC indicates claimant is capable of light work, six hours per day. Further, the JCC's finding that claimant's work search was adequate, was not supported by competent, substantial evidence. The record *951 shows that there is some job availability for claimant within her physical restrictions and vocational abilities besides maid work. According to claimant's work search documentation, maid work is all that she sought. These facts ineluctably lead to the conclusion that claimant's work search was not exhaustive and did not demonstrate that further efforts would be a futile and useless gesture. Bill's Equipment and Rentals, supra.
The award of PTD benefits and costs is REVERSED and the case is REMANDED with directions for entry of an order requiring the E/C to provide vocational rehabilitation services to claimant.
JOANOS, J., concurs.
ZEHMER, J., concurs in result only.
NOTES
[1] In pertinent part the statute states that no permanent total disability benefits are payable to an employee who is physically capable of engaging in gainful employment and the burden is on the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.