569 So.2d 780 (1990)
Wayne HOLLAND, Appellant,
v.
COURTESY CORPORATION and Adjustco, Inc., Appellees.
No. 89-02339.
District Court of Appeal of Florida, First District.
October 8, 1990.
Rehearing Denied December 5, 1990.
Jerold Feuer, Miami, and Steven M. Slepin, Tallahassee, for appellant.
Michael J. Rudicell of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellees.
BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) on remand. In Courtesy Corporation v. Holland, 538 So.2d 545, 547 (Fla. 1st DCA 1989), this court reversed and remanded that portion of the JCC's original order awarding PTD benefits. On remand, the JCC denied PTD benefits. In this appeal, claimant argues that (1) the JCC failed to comply with this court's mandate, (2) the denial of PTD benefits is not supported by competent, substantial evidence, and (3) the JCC erred in failing to adjudicate issues other than claimant's entitlement to PTD benefits when such issues were ripe for adjudication.
Claimant sustained a compensable head injury resulting in brain damage on March 3, 1983, while employed as an automobile service manager by Courtesy Corporation. Claimant returned to work for Courtesy in April 1983 and continued to work in his capacity as automobile service manager until his discharge in May 1984. He then secured successive employments with two other automobile dealerships, first as a service manager and then as a service writer; however, both employments ended within a few months. In late 1984, he obtained employment with Seminole Toyota as an automobile service manager. Seminole Toyota became Regency Toyota, and appellant continued to work for Regency until his discharge in August 1986. Claimant *781 finally obtained a position as a boat salesman with Quincy Marine in September 1986. He continued to work in that position until April 1987, but remained unemployed thereafter.
At the time of the first merits hearing, October 1987, claimant presented the testimony of Dr. Stillman, a psychiatrist with a neurological background. It was Dr. Stillman's opinion that as a result of the 1983 accident, claimant suffered organic brain syndrome, posttraumatic stress disorder and headaches, as well as a seizure disorder. Dr. Stillman believed that claimant reached maximum medical improvement (MMI) as of December 8, 1986, with a 65-percent psychiatric impairment and doubted that claimant had any ability to compete in the job market. Stillman testified that claimant could not hold a job, except through an employer's act of charity.
The employer and carrier (E/C) presented the testimony of Dr. McCray, a psychologist and rehabilitation specialist. Dr. McCray had no doubt that claimant was impaired and identified claimant as having cognitive defects which included memory and attentional disorders, lapses in concentration, and a depressive personality. Dr. McCray concluded that, while claimant was not capable of holding the demanding, responsibility-laden employment that he held prior to his injury, claimant remained employable, albeit at a lower skill level.
At the first hearing, the JCC accepted the testimony of Dr. Stillman over that of Dr. McCray and found claimant permanently totally disabled as of December 8, 1986. On appeal, this court reversed because the compensation order contained contradictory statements regarding claimant's postinjury employment and failed to set forth specific findings in connection with claimant's postinjury employment history that would support an award of PTD benefits. The opinion allows the taking of additional evidence at the judge's discretion and directs (Courtesy Corporation, supra at 547):
On remand, the deputy, among other things, should address the question of whether claimant's work history for four years following the critical industrial accident was sheltered. He should also determine whether the claimant's failure to conduct a job search following his employment can, under the circumstances, be excused. The deputy should also explain the rationale behind his finding that claimant has demonstrated, based upon his employment efforts following his 1983 industrial accident, that claimant is unable to "compete in the open labor market."
The JCC, on remand, took additional evidence but limited his consideration to claimant's entitlement to PTD benefits as of October 1987, the date of the first hearing. Claimant presented additional expert testimony which essentially corroborated the opinion of Dr. Stillman. Each side presented additional lay testimony. The E/C's lay witnesses testified that claimant's ability did not significantly change after the accident. Claimant's witnesses testified to claimant's diminished ability after the accident. The JCC, in his order on remand, noted that claimant had presented three expert witnesses who testified that claimant could no longer compete in the job market. However, the JCC reasoned that if these opinions were to have any credibility, claimant's four-year postinjury employment history must have consisted of sheltered employment. Finding that claimant's postinjury employment was not sheltered, the JCC rejected claimant's expert testimony and declined to award PTD benefits. The order on remand makes no determination as to claimant's entitlement to other benefits.
We turn then to the issues raised by claimant in this appeal. At the outset, we have no difficulty concluding that the JCC complied with this court's order on remand, which simply instructed him to reconsider the award of PTD benefits in light of claimant's postinjury employment history. We also have no difficulty concluding that the order on remand denying PTD benefits is supported by competent, substantial evidence.
The JCC found, the record shows, and claimant concedes that his four-year postinjury employment history did not consist of *782 sheltered employment. Claimant's employment history includes five months of employment which followed the December 8, 1986 date of MMI. The finding that claimant's successful postinjury employment was not sheltered is dispositive of his claim for PTD benefits. Section 440.15(1)(b), Florida Statutes, provides in pertinent part:
[N]o compensation shall be payable under paragraph (a) [pertaining to PTD benefits] if the employee is engaged in, or is physically capable of engaging in, gainful employment; and the burden shall be upon the employee to establish he is not able uninterruptedly to do even light work due to physical limitation.
Claimant, however, argues that five months of post-MMI, nonsheltered employment should not disqualify him from an award of PTD benefits because the determination of entitlement to PTD benefits is a medical question. This construction is at odds with the statutory definition of disability, which is "the incapacity... to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." § 440.02(9), Fla. Stat. (1981).[1]See also G & W Wood Products v. Parrott, 447 So.2d 407, 409 (Fla. 1st DCA 1984) (claimant's performance of odd jobs following MMI precluded an award of PTD benefits). We therefore affirm the denial of PTD benefits.
We agree with claimant, however, that the JCC should have adjudicated the other issues which were ripe for adjudication. Okeechobee Restaurant v. De La Nuez, 459 So.2d 411, 412 (Fla. 1st DCA 1984); Allman v. Meredith Corporation, 451 So.2d 957, 959 (Fla. 1st DCA 1984); Washington Square Associates, Ltd. v. Bourne, 408 So.2d 809, 810 (Fla. 1st DCA 1982). Because the order on remand simply denied PTD benefits without determining claimant's entitlement to other benefits, the order failed to adjudicate the other issues which were ripe for adjudication. We therefore affirm the denial of PTD benefits but again remand this cause for proceedings consistent with this opinion.
SHIVERS, C.J., and ALLEN, J., concur.
NOTES
[1] Now § 440.02(10), Fla. Stat. (1989).